**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0203n.06

**Case No. 19-3782**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Apr 10, 2020

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| YING ZHENG, | ) | |
| *Petitioner*, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| WILLIAM P. BARR, Attorney General, | ) | APPEALS |
| *Respondent*. | ) | |
| | ) | O P I N I O N |

BEFORE:     COLE, Chief Judge; CLAY and NALBANDIAN, Circuit Judges

COLE, Chief Judge.  This is another of many cases our court has recently considered in which a noncitizen of the United States seeks, based on the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), to vacate an order of the Board of Immigration of Appeals denying her relief from removal.  *See, e.g.*, *Calzadilla-Sanchez v. Barr*, No. 18-3432, 2020 WL 730620, at \*3 (6th Cir. Feb. 13, 2020); *Garcia-Romo v. Barr*, 940 F.3d 192, 196–97 (6th Cir. 2019); *Gomez-Chavez v. Barr*, 791 F. App'x 573, 580 (6th Cir. 2019).

Petitioner Ying Zheng's argument is as follows:  Under our immigration statutes, a nonpermanent resident must have "been physically present in the United States for a continuous period of not less than 10 years immediately preceding" an application for cancellation of removal.  8 U.S.C. § 1229b (b)(1)(A).  That period, per a statutory provision referred to as the "stop-time rule," concludes when the resident "is served a notice to appear under section 1229(a)."  8 U.S.C.

§ 1229b (d)(1). Under *Pereira*, "[a] putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a),' and so does not trigger the stop-time rule." *Pereira*, 138 S. Ct. at 2113–14. Zheng's notice to appear did not specify the time or place of her removal proceedings; instead, that information was conveyed in a subsequent notice of hearing. So, the argument goes, the notice to appear was defective under the statute such that the stop-time rule was never triggered.

As the government correctly notes, and Zheng herself concedes, a published opinion of this court that was issued while her petition was pending, *Garcia-Romo v. Barr*, disposes of her argument. In *Garcia-Romo*, we held that the stop-time rule is triggered when the government sends a noncitizen "all the required categories of information under § 1229(a)(1)(A)-(G) through one or multiple written communications." 940 F.3d at 201. Thus, upon receiving her notice of hearing, Zheng received all of the information required by statute, and the stop-time rule was triggered. Because we are bound to follow *Garcia-Romo*, we cannot afford Zheng the relief she seeks.

For these reasons, we deny Zheng's petition for review.